JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir. Rule 36(b). It is
Ordered and Adjudged that the order of the District Court be affirmed for the reasons set forth in the District Court’s amended order of April 5, 2004, and in the Bankruptcy Court’s proposed finding of facts and conclusions of law of December 31, 2002, and for the reasons briefly set forth below.
This appeal raises three issues. In the first, Appellant-Defendant Coates & Lane, Inc., argues that the Bankruptcy Court erred as a matter of law by assigning to Coates & Lane the burden of proof regarding Appellee and landlord Eunice Swinson’s reasonable efforts to mitigate damages. Of course, in the District of Columbia, “[t]he failure to mitigate damages is an affirmative defense and the tenant has the burden of showing the absence of reasonable efforts to mitigate.” Norris v. Green, 656 A.2d 282, 287 (D.C.1995).
In the second issue before this Court, Appellant argues that the Bankruptcy Court erred in finding that Swinson did not attempt to re-let her properties, but, rather, removed the properties from “the stream of commerce.” Appellant’s protestations notwithstanding, the court did not accept this view of the facts. This Court can set aside the trial court’s findings of facts only where they are clearly erroneous. Fed. R. Civ. P. 52(a); Georgia v. Ashcroft, 539 U.S. 461, 498, 123 S.Ct. 2498, 156 L.Ed.2d 428 (2003). We see no such error here.
In the third and final issue before this Court, Appellant argues that Swinson was not entitled to damages for breach of contract regarding the 7th Street property. Although Appellant argues that “there was a surrender by consent of tenant and acceptance by landlord[,]” Paragraph 37 of the lease clearly provides that tenant’s failure to pay rent empowers the landlord to, inter alia, collect damages. That Swinson took the keys back from Coates & Lane is of no consequence; the lease does not provide for early termination, and it contains a zipper clause that provides that “this agreement is the entire agreement between the parties, and no modification or addition to it shall be binding unless signed by the parties hereto.” As there was no such signed amendment, as landlord, Swinson was entitled to the contrac *10 tual remedies upon Coates & Lane’s breach of its obligations.
Pursuant to Rule 36 of this Court, this disposition -will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. See Fed R.App. P. 41(b); D.C. Cir. R. 41.